ARTHUR CALLIS *v.* JOHN W. BROWNING, ET AL.

**Slander—Answer—Burden of Proof.**
   Where the answer in a slander case pleads that the words spoken were true the burden is on the defendant to prove the fact.

**Punitive Damages.**

> Where a defendant in a slander suit answers that the words spoken are true, and he fails in his proof, the jury may award punitive damages.

### APPEAL FROM OLDHAM CIRCUIT COURT.

#### April 11, 1878.

OPINION BY JUDGE LINDSAY:

As the pleadings stood at the commencement of this trial the burden was on the appellees to prove that the alleged slanderous words were spoken. The averment by the appellant in his amended answer, that said words were true, could be considered only for the purpose of allowing evidence to be introduced tending to show that he had the right to believe and did believe that he spoke the truth, and thus to rebut the inference of malice, and reduce the damages, in case it was found by the jury that he did speak the words charged to have been spoken. The court did not abuse a sound discretion in refusing to allow the appellant to plead further, and perfect a plea of justification, after the evidence had been partly heard. His evident object was to secure the conclusion of the argument.

The rules of evidence were construed with very great liberality in favor of both parties in permitting witnesses to speak of the general character of the female appellee without first showing that they were acquainted with her general character.

The burden was on appellant to establish the truth of the words charged and proved to have been spoken. He undertook to mitigate the wrong in this way, and it was incumbent on him to make out his chosen ground of excuse. He might have contented himself with averring and proving that the conduct of the appellee had been such that he believed, and had reasonable ground to believe, she was unchaste, and thus to have extenuated his offense and mitigated the damages, but he elected to effectually destroy her character by showing, not what he believed and had a right to believe, but that she was acting the base woman he had charged her with being. She accepted the issue thus voluntarily tendered, and the jury decided that the charge set up in the said amended answer was not true.

If he had confessed the speaking of the words, and pleaded their truth in justification, he would have had the legal right to prove that they were true, and it would have been error in the court to have instructed the jury, "that from the speaking of the words the law implied malice." But instead of this, he compelled the appellees to

prove that he did speak the words, and that enlarged the issue by his plea in mitigation, and voluntarily and unnecessarily undertook to prove their absolute truth. His conduct in this regard, engrafted as it was on the original wrong, conclusively proved that he was acting maliciously, unless the words were true; and the jury were told by the court that if they believed them to be true, they could not find for the plaintiff.

The technically incorrect statement of the law of the case contained in said instruction was fully cured, and completely guarded against by instruction No. 2 given for appellant, in which the jury were told that they were the judges of the appellant's intent, and that they were to say whether the words were maliciously spoken in view of the circumstances under which they were spoken, and of all the proof in the case.

In a case like this, in which the defendant repeats the slander and undertakes to establish the truth of the slanderous words, under the plea of not guilty, it is not necessary that the court shall define the term "compensatory damages," for the simple reason that if the plaintiff proves her cause of action, and the defendant fails to sustain his new and unnecessary assault upon her character, punitive damages ought to be awarded. We find no error in the record requiring the interposition of the court, and the judgment of the court below is *affirmed*.

*D. M. Rodman, for appellant.*

*Caldwell & Harwood, for appellees.*